THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL SOPINSKI             :
                          :
      Plaintiff,          :
                          :
v.                        :    3:16-CV-00466
                          :    (JUDGE MARIANI)
LACKAWANNA COUNTY, and    :
BRIAN LOUGHNEY, in his individual  :
capacity                  :
                          :
      Defendants.         :

FILED
SCRANTON

NOV 1 0 2016

Per_____
    DEPUTY CLERK

## MEMORANDUM OPINION

Presently before the Court is non-party Alexia Kita Blake's, an arbitrator with the Pennsylvania Department of Labor and Industry, Motion to Quash Subpoena for Deposition, to Stay Deposition, and for Sanctions, or, in the Alternative, Motion for Protection Order. (Doc. 17). For the reasons that follow, the Motion will be granted in part and denied.

### I.   FACTUAL BACKGROUND

Plaintiff Paul Sopinski, a former Correctional Officer at the Lackawanna County prison, filed a Complaint on March 17, 2016, asserting various claims against Defendant Lackawanna County pursuant to the Family Medical Leave Act, 29 U.S.C. § 2615 *et seq.* and 42 U.S.C. § 1983 alleging constitutional violations of his Fourteenth Amendment rights.[1] (Doc. 1).

---

[1] On May 16, 2016, Defendant filed a Motion to Dismiss, (Doc. 5), which is currently pending before the Court.

By letter dated March 18, 2016, the Pennsylvania Department of Labor and Industry, Bureau of Mediation, advised Arbitrator Blake that the parties in a grievance action between Defendant Lackawanna County, and the American Federation of State, County, and Municipal Employees, District Council 87 (the "Union"), had selected her as an impartial arbitrator. The grievance in question was brought by Union on behalf of Plaintiff Paul Sopinski, a member of the bargaining unit represented by the Union, who were contesting Plaintiff's termination of his employment pursuant to the collective bargaining agreement in place between the Defendant and the Union.

Following her selection as arbitrator, Arbitrator Blake sent a letter to counsel for the Defendant and to Eric Shubert, a staff representative at the Union. In that letter, arbitrator Blake advised the parties as follows: "I believe the parties are aware of my prior representation of Lackawanna County as labor solicitor from 2008-2010 under a prior administration and do not perceive this as a conflict. While I have no doubt that I can be impartial, please advise immediately if you wish to select a different arbitrator."[2] (Doc. 18-1). Neither the Defendant nor the Union objected to Arbitrator Blake serving as arbitrator in the Sopinski Discharge Grievance and the hearing was held on May 6, 2016.

---

[2] The Sopinski Discharge Grievance was the second case in which the Defendant and the Union selected Arbitrator Blake as arbitrator. In January 2015, Arbitrator Blake advised the parties' representatives, which included Mr. Shubert on behalf of the Union of her prior service as labor solicitor for the County, writing that "I have no doubt that I can be impartial in this matter, but I understand if under the circumstances, you or your client would prefer a different arbitrator. Please advise how you wish to proceed." (Doc. 18-2). Neither the Defendant nor the Union objected to Arbitrator Blake's role as arbitrator in connection with the Grievance.

At the hearing, the Union, on behalf of Plaintiff, and the Defendant were permitted to fully present evidence, examine and cross-examine witnesses, and introduce documents. Nine individuals testified at the hearing and forty exhibits with introduced into evidence. Both parties filed post-hearing briefs in lieu of closing arguments, and on August 25, 2016, Arbitrator Blake issued an Arbitration Opinion and award which denied the Union's grievance.

On October 11, 2016, counsel for the Plaintiff served a Subpoena for Deposition on Arbitrator Blake. The deposition was scheduled for November 10, 2016 at the law offices of counsel for the Plaintiff, Cynthia L. Pollick, Esquire. One week later, on October 18, 2016, Arbitrator Blake wrote to counsel for the Plaintiff the following:

> Dear Attorney Pollick:
>
> Receipt is acknowledged of the Subpoena you issued directing to appear at your office for a deposition on November 10, 2016 in the above-referenced matter. Please note my correct name, firm name, and address set forth herein.
>
> As an initial matter, I am not available on November 10, 2016. More importantly, as the arbitrator in the discharge grievance between Lackawanna County and AFSCME, who represented the grievant/Plaintiff herein, I am entitled to judicial immunity and testimonial privilege and, therefore, cannot be compelled to testify with regard to matters related to the proceeding.
>
> I direct your attention to Judge Caputo's decision in Garzella v. Borough of Dunmore, 237 F.R.D. 371 (M.D. Pa. 2006), which held that the arbitrator in an interest arbitration proceeding held judicial immunity and testimonial privilege in his quasi-judicial role. Although the Court saw no distinction between an interest arbitration and a grievance arbitration, the fact that I served in the latter setting provides even stronger support for the proposition that I cannot be compelled to testify. As counsel for the Plaintiff in Garzella, you may recall that Judge Mariani represented the arbitrator therein seeking to quash the subpoena.

3

> Based on the foregoing, I request that you reconsider the subpoena. If you do not, I will retain counsel to file a motion to quash and/or motion for protective order within a week, and will seek all available remedies, including recovery of attorney's fees and costs incurred in connection with the motion. I look forward to hearing from you.

(Doc. 18-3).

The following day, October 19, 2016, counsel for the Plaintiff wrote the following response to Arbitrator Blake's letter:

> Dear Alexia:
>
> This will confirm receipt of your letter dated October 18, 2016. As you are well aware the *Garzella* decision specifically held, "[i]t also acknowledges a well-recognized exception in which an arbitrator may be deposed regarding claims of bias or prejudice." *Garzella v. Borough of Dunmore*, 237 F.R.D. 371, 372 (M.D. Pa. 2006). Moreover, in the *Bettman* case, recognized [sic], that "[n]onetheless, requested discovery that is plainly relevant to colorable claims of arbitral bias or misconduct may properly be granted." *Nat'l Hockey League Players' Ass'n v. Bettman*, No. 93 Civ. 5769 (KMW), 1994 WL 38130, at *2 (S.D.N.Y. Feb. 4, 1994) (allowing discovery surrounding those claims of bias and misconduct). Further, in *In re EquiMed, Inc.*, the Eastern District allowed the deposition of an arbitrator based, "[u]nder one well-recognized exception, however, [sic] "arbitrators may be deposed regarding claims of bias or prejudice." *In re EquiMed, Inc.*, No. CIV. A. 05-1815, 2005 WL 2850373, at *2 (E.D. Pa. Oct. 28, 2005) (allowing the deposition of the arbitrator).
>
> Here, there is no doubt that you represented the Defendant for years, which should have naturally lead you to decline serving as a mediator since you personally handled its affairs for at least a decade. Therefore, since Defendant will attempt to seize on your award and decision and offer it as evidence in this matter attempting to justify its decision to terminate my client, I am well within my rights to take your deposition on your extensive relationship with the Defendant in this matter.
>
> If you need any additional information, please feel free to contact me.

(Doc. 18-4).

Arbitrator Blake responded to the letter on October 21, 2016. In her response, she wrote:

> Dear Cynthia:
>
> Receipt is acknowledged of your letter dated October 19, 2016, in the above-referenced matter.
>
> With regard to your statement that you wish to depose me based on my purported "extensive relationship with the Defendant," I direct your attention to the enclosed letter dated March 30, 2016, from me to Attorney Lawrence Moran, counsel for Lackawanna County, and Eric Shubert, AFSCME District Council 87 Staff Representative, who represented the interests of the grievant, Mr. Sopinski. I stated therein, "I believe the parties are aware of my prior representation of Lackawanna County as labor solicitor from 2008-2010 under a prior administration and do not perceive this as a conflict. While I have no doubt that I can be impartial, please advise immediately if you wish to select a different arbitrator." Neither party objected and the hearing proceeded.
>
> Mr. Sopinski's discharge grievance was not the first case in which the same parties—Lackawanna County and AFSCME District Council 87—selected me to serve as arbitrator. As the enclosed letter dated January 23, 2015 from me to counsel for the County and Mr. Shubert (with the name of the grievant redacted) reflects, I disclosed my prior representation of the County at that time as well. Neither party objected to my role as arbitrator in that case.
>
> In light of my disclosure to the parties herein of my prior representation of the County and their failure to object either prior to or during the hearing, Mr. Sopinski has waived any claim of arbitrator bias or prejudice. See Goldman, Sachs & Co. v. Athena Venture Partners, LP, 803 F.3d 144 (3d Cir. 2015) (in case of first impression addressing waiver in the arbitration context, court adopted constructive knowledge standard that a party waives later challenge if it knew or should have known of the facts indicating partiality).
>
> Accordingly, I urge you to reconsider your subpoena for my deposition. If you do not, my counsel will file a motion to quash and/or for protective order next week, seeking all available remedies.

(Doc. 18-5).

Two days later, on October 21, 2016, counsel for the Plaintiff wrote to Arbitrator Blake:

> Dear Alexia:
>
> This will confirm receipt of your letter dated October 21, 2016. The case you cite is inapplicable to this matter since my client was never made aware by you or by the union that you represented the Defendant in the past. He cannot waive what he does not know, and he would clearly have been a fool to pick an arbitrator that personally represented Lackawanna County and its interest in the past. I noticed the prior case was from your prior firm, which I'm sure Attorney Anderson would want you as an arbitrator since that's the firm you were with when you represented the Defendant. I'm curious, how did that arbitration end? This case is not about overturning your decision, but rather to point out to the fact-finder (the jury) that you had specific, concrete, ties with the Defendant that you never disclosed to my client, which is a clear conflict of interest. How could you honestly be an arbitrator for the same entity you personally gave legal advice to avoid being sued?
>
> If you need any additional information, please feel free to contact me.

(Doc. 18-6).

Having failed to resolve the dispute concerning the deposition subpoena, Arbitrator Blake, through counsel, filed the instant Motion to Quash on October 31, 2016. (Doc. 17). That same day, this Court issued an Order staying the deposition of Arbitrator Blake pending the Court's resolution of the instant Motion. (Doc. 22).

## II. ANALYSIS

Federal Rule of Civil Procedure 45(d)(3) permits a Court to quash or modify a subpoena in certain circumstances. The rule provides, in relevant part:

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i)    fails to allow a reasonable time to comply;

6

> (ii) requires a person to comply beyond the geographical limits specific in Rule 45(c);
> (iii) requires disclosure of privileged or other protected material, if no exception or waiver applies; or
> (iv) subject a person to undue burden.
>
> (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
>
> (i) disclosing a trade secret or other confidential research, development, or commercial information; or
> (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

Fed. R. Civ. P. 45(d)(3)(A)-(B).

In accordance with Rule 45(d)(3)(A)(iii) the Court *must* quash a subpoena that "requires disclosure of privileged or other protected material, if no exception or waiver applies." Fed. R. Civ. P. 45(d)(3)(A)(iii). The question thus becomes, whether the subpoena noticing the deposition of Arbitrator Blake "requires disclosure of privileged or other protected material," and, if so, whether an exception or waiver applies.

"Common law governs a claim for privilege unless the U.S. Constitution, a federal statute, or a rule prescribed by the Supreme Court provides otherwise. But, in a civil case, state law governs privilege regarding a claim or defense for which state law supplies the rule of decision." *Benedict v. McMahon*, 315 F.R.D. 447, 452 (E.D. Pa. 2016). Plaintiff's claims arise exclusively under federal law and thus the common law governs whether Arbitrator Blake may assert a testimonial privilege to prevent her deposition. *See WM. T.*

*Thompson Co. v. General Nutrition Corp., Inc.*, 671 F.2d 100, 103 (3d Cir. 1982) ("[I]n federal question cases the federal common law of privilege applies.")

"In performing 'quasi-judicial duties,' an arbitrator is 'clothed with an immunity, analogous to judicial immunity, against actions brought by either of the parties out of his performance of his duties.'" *In re Equimed*, No. Civ. A 05-1815, 2005 WL 2850373, at *2 (E.D. Pa. Oct. 28, 2005) (quoting *Cahn v. Int'l Ladies' Garment Union*, 311 F.2d 113, 115 (3d Cir. 1962)). This immunity includes a "testimonial privilege" which "has been recognized to protect arbitrators from being subjected to lengthy, costly, and intrusive discovery into decisional matters by way of subpoena and deposition." *Id.* (internal citation and quotation marks omitted). There is an exception to this immunity, however, that provides that "'arbitrators may be deposed regarding claims of bias or prejudice.'" *Id.* (quoting *Hoeft v. MVL Grp. Inc.*, 343 F.3d 57, 67 (2d Cir. 2003)). Under the applicable standard, Courts apply the "appearance of bias standard which holds that evident partiality is established when arbitrators fail to disclose any relationship that might create an impression of possible bias." *Id.* at *2 n.1 (internal citation and quotation marks omitted). Therefore, Arbitrator Blake is entitled to assert a testimony privilege, and may not be deposed, unless the facts establish that she failed "to disclose any relationship that might create an impression of possible bias." *Id.*

Here, the Court finds that there is no doubt that, prior to the arbitration, Arbitrator Blake disclosed her prior representation of the Defendant to both the Defendant and Plaintiff's

8

union representative. The Union, which served as the bargaining representative of members such as Plaintiff, filed the grievance on his behalf, requested arbitration, and represented him at the arbitration proceeding was fully aware of Arbitrator Blake's prior representation of the Defendant and nevertheless chose to proceed with her serving as arbitrator. In doing so, the Union acted pursuant to its authority set forth in Section 606 of the Pennsylvania Public Employee Relations Act, 43 P.S. § 1101.606, which confers upon the Union designated as the collective bargaining representative of public employees in a unit appropriate for collective bargaining the status of "exclusive representative of all the employees in such unit to bargain on wages, hours, terms and conditions of employment." Further, Section 903 of the PERA, 43 P.S. § 1101.903, makes "arbitration of disputes or grievances arising out of the interpretation of the provisions of the collective bargaining agreement . . . mandatory." Section 1101.903(1) confers upon the employee's collective bargaining representative the authority to participate in the arbitrator selection process on behalf of the aggrieved employee whose case will be presented to the arbitrator selected. Thus, the Arbitrator's disclosure to the Union in this case of her prior representation of Lackawanna County constitutes the requisite disclosure to the employee's collective bargaining representative. Plaintiff cites no authority for the proposition that the disclosure made by the Arbitrator was insufficient to satisfy her disclosure duty. Although Plaintiff appears to assert that he lacked actual knowledge of Arbitrator Blake's prior representation of the Defendant, the Court further finds that Plaintiff had constructive knowledge of the

prior representation. Because Plaintiff had constructive knowledge of Arbitrator Blake's prior representation of the Defendant, and failed to timely object, he therefore waived any objection and may not depose Arbitrator Blake regarding her alleged bias. *See Goldman Sachs & Co. v. Athena Venture Partners, L.P.*, 803 F.3d 144 (3d Cir. 2015). Accordingly, the Court will grant Arbitrator Blake's Motion to the Quash.

### III.   CONCLUSION

For the foregoing reasons, the Court will grant Arbitrator Blake's Motion to Quash, (Doc. 17), in its entirety. Arbitrator Blake's request for sanctions will be denied.[3] A separate order follows.

Robert D. Mariani
United States District Judge

---

[3] The Court cannot find that Plaintiff has acted in bad faith or for an improper purpose in serving the subpoena on Arbitrator Blake such that sanctions would be warranted under the circumstances. Nor does the Court find that Plaintiff's legal arguments advanced in support of the subpoena are so patently frivolous or lacking in merit as to warrant sanctions.