## THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

PAUL SOPINSKI                              :
                                           :
            Plaintiff,                     :
                                           :
    v.                                     :       3:16-CV-00466
                                           :       (JUDGE MARIANI)
LACKAWANNA COUNTY, and                     :
BRIAN LOUGHNEY, in his individual          :
capacity                                   :
                                           :
            Defendants.                    :

## MEMORANDUM OPINION

### I.    INTRODUCTION AND PROCEDURAL HISTORY

Presently before the Court is Defendants Lackawanna County and Brian Loughney's

("Defendants") Motion to Dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(6). (Doc. 5). For the reasons that follow, Defendants' Motion will be

granted in part and denied in part.

Plaintiff Paul Sopinski, a former correctional officer at the Lackawanna County prison,

filed a Complaint on March 17, 2016. (Doc. 1). In the Complaint, Plaintiff asserts various

claims against Defendants pursuant to the Family Medical Leave Act, 29 U.S.C. § 2601 *et*

*seq.* (the "FMLA") and 42 U.S.C. § 1983, alleging a constitutional violation of his Fourteenth

Amendment rights to procedural due process. (*Id*). On May 16, 2016, Defendants filed a

Motion to Dismiss, (Doc. 5), currently pending before the Court.

## II.    FACTUAL ALLEGATIONS

From what the Court could gather from Plaintiff's inartfully pled and at times unintelligible Complaint, Plaintiff alleges the following facts:

Plaintiff Paul Sopinski was a former employee of Defendant Lackawanna County, having worked at the Lackawanna County prison as a correctional officer for seven years. (Doc. 1, at ¶ 1).  Defendant Brian Loughney is the Deputy Director for Human Resources for Defendant Lackawanna County. (*Id.* at ¶ 3).

In Count I of the Complaint, Plaintiff asserts an interference claim under the FMLA and alleges the following facts: "After a year working for Defendant, Plaintiff requested Family Medical Leave Act based on his wife's illness." (*Id.* at ¶ 12).  Specifically, Plaintiff alleges that his wife "suffers from a bowel condition; and has undergone surgery along with having a colostomy bag for several months.  Additionally, she suffers from depression and bipolar." (*Id.* at ¶ 13).  "Plaintiff has two children that require supervision and attention when Plaintiff's wife's illnesses flare." (*Id.* at ¶ 14).  According to the Plaintiff:

> On or about April 15, 2014 through January 19, 2015, Defendant arbitrarily interfered with Plaintiff's FMLA rights when Lackawanna County unilaterally charged Plaintiff for FMLA absence when he was not told that he was going to be charged if he did not work overtime.  At no time, did Defendants tell Plaintiff that if he did not work overtime during this period, he would be charged with a FMLA absence.  Consequently, Defendant interfered with Plaintiff's right to FMLA.

(*Id.* at ¶ 15).  As a result of Defendants' conduct, Plaintiff alleges he was prejudiced "since Defendants claimed that he had almost used all his FMLA time, which he did not . . . [t]hereby limiting the time he was allotted for FMLA leave." (*Id.* at ¶ 16).

2

Count II of the Complaint also alleges interference under the FMLA. Specifically, Plaintiff alleges that "[o]n or about January 22, 2015, Plaintiff learned that Defendant was discriminatorily requiring some Correctional Officers to be charged with a FMLA day if they did not work overtime, while allowing others to go without being charged when they did not work overtime." (*Id.* at ¶ 18). The Complaint further states that "[o]n or about April 2, 2015, Defendant created a sick/mandate checklist that requires a correctional officer to obtain a doctor's note if they cannot work overtime. In the case of Plaintiff who took FMLA for his wife's illness, this requirement interfered with his FMLA rights that does not require a medical slip from someone who is not using FMLA for themselves." (*Id.* at ¶ 19). "This prejudiced Plaintiff since he was required to obtain notes for his wife's illness or he would be charged for not providing the required paperwork." (*Id.* at ¶ 20).

In Count III of the Complaint Plaintiff again raises an FMLA interference claim. According to the Plaintiff, "[o]n or about July 7, 2015, Plaintiff renewed his FMLA application with Defendant for his wife's illness." (*Id.* at ¶ 22). Then, "[i]n September 2015, Plaintiff was contacted and [sic] Defendants' Human Resource Director, Brian Loughney and the Assistant Warden and asked 'How do you plan to use FMLA?' This inquiry was interfering with his FMLA rights since it was making it known that using FMLA was discouraged. Never in the past had Plaintiff ever been asked that question." (*Id.* at ¶ 23). According to Plaintiff, after Defendants inquired into his intended use of FMLA leave, "Plaintiff responded that he would use his FMLA when his wife's illnesses dictated it." (*Id.* at ¶ 24).

Count IV of the Complaint asserts a retaliation claim in violation of the FMLA. According to Plaintiff, "[o]n or about October 9, 2015, Plaintiff was told that Defendants believed he was creating a pattern of using FMLA leave in conjunction with his days off, which were the weekend." (*Id.* at ¶ 26). "At no time did Plaintiff misuse his FMLA time." (*Id.* at ¶ 27). "On or about November 13, 2015, Plaintiff was terminated for alleged misuse of his FMLA." (*Id.* at ¶ 28). "At no time prior did Defendant discipline Plaintiff for any alleged misuse of FMLA according to its Progressive Discipline policy."[1] (*Id.* at ¶ 29). Moreover, "Plaintiff was not discharged for 'dishonesty' which appears to have become Defendant Lackawanna County's standard reason for terminating employees to avoid providing discipline according to the Collective Bargaining Agreement." (*Id.* at ¶ 31). Although Plaintiff emphatically asserts that he "did not abuse his FMLA Leave," (*Id.* at ¶ 32), he claims that "[e]ven if he had, Defendant should have disciplined him according to the Collective Bargaining

---

[1] The Progressive Discipline policy provides as follows:

The Employer will establish steps of progressive discipline: oral warning, written warning, suspension, and discharge. The following schedule for progressive discipline will be in effect for multiple related offenses:

1st Offense: Counseling
2nd Offense: Written Warning
3rd Offense: One (1) to Five (5) day suspension
4th Offense: Five (5) to Ten (10) day suspension with final warning.
5th Offense: Termination.

(Doc. 1, at ¶ 30).

Agreement and placed him on a step in the progressive disciplinary policy, not terminate him, which clearly was in retaliation for having taken FMLA."[2]  (*Id.* at ¶ 33).

Finally, Count V of the Complaint asserts a violation of Plaintiff's Fourteenth Amendment right to due process.  According to Plaintiff, he "could only be terminated for just cause pursuant to the Collective Bargaining Agreement." (*Id.* at ¶ 39).  "Defendant was required to provide Plaintiff with notice of charges against him, explanation of the evidence against him, and an opportunity to rebut such allegations, which are all required before Defendant could terminate Plaintiff." (*Id.* at ¶ 46).  "Defendant Loughney admitted in an unemployment hearing that Defendant Lackawanna County never provided Plaintiff with any of the alleged evidence against him at his pre-termination hearing." (*Id.* at ¶ 47).  "Consequently, Plaintiff had no opportunity to rebut any of the alleged evidence against him and explain that his wife suffers from bipolar and when the condition flares she is psychologically impaired." (*Id.* at ¶ 48).  Plaintiff further alleges that "Defendants never held an adequate pre-termination hearing as required by law in which Plaintiff would have been afforded an opportunity to refute the allegations against him, which would have stopped his termination of [sic] a job he held for 7 years; now he has to explain to future employers why he was terminated from a

---

[2] Plaintiff further notes that he "filed for unemployment benefits, and was granted the same by the Unemployment Compensation Office." (Doc. 1, at ¶ 35).  "Defendant appealed the Unemployment Compensation Office's determination and a hearing was held.  Again, Plaintiff was awarded unemployment compensation benefits." (*Id.* at ¶ 36).  "Not stopped [sic] and Defendant's constituted harassment for exercising his rights under the FMLA, Defendants appealed once more to the Unemployment Compensation Board of Review, which again upheld the grant of unemployment benefits to Plaintiff." (*Id.* at ¶ 37).

job he held for a significant period of time, which makes finding employment nearly impossible." (*Id.* at ¶ 49).

## III.   **STANDARD OF REVIEW**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Cornplaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint:  First, the court must take note of the elements a plaintiff must plead to state a claim.  Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth.  Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted).  This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

## IV.   ANALYSIS

### A.  Family Medical Leave Act Interference

From what the Court could gather from Plaintiff's Complaint, Plaintiff appears to allege that the Defendants engaged in three acts which form the basis of his FMLA interference claims.  First, Count I alleges that "Defendant arbitrarily interfered with Plaintiff's FMLA rights when Lackawanna County unilaterally charged Plaintiff for FMLA absence when he was not told that he was going to be charged if he did work overtime.  At no time did Defendants tell Plaintiff that if he did not work overtime during this period, he would be charged with a FMLA absence." (Doc. 1, at ¶ 15).  Second, Count II alleges that Defendants "created a sick/mandate checklist that requires a correctional officer to obtain a

doctor's note if they cannot work overtime." (*Id.* at ¶ 19). According to Plaintiff, "this requirement interfered with his FMLA rights that does not require a medical slip for someone who is not using FMLA for themselves." (*Id.*). Third, Count III alleges that Defendant Loughney interfered with his use of leave when, in September 2015, he asked Plaintiff "How do you plan to use FMLA?" (*Id.* at ¶ 23). According to Plaintiff, "[t]his inquiry was interfering with his FMLA rights since it was making it known that using FMLA was discouraged. Never in the past had Plaintiff ever been asked that question." (*Id.*). Defendants seek dismissal of the interference claims and maintain that the three instances of alleged interference Plaintiff cites in support of his claim are not actionable under the FMLA. (Doc. 7, at 5-8).

In order to state a claim for interference under the FMLA, a plaintiff must establish: "(1) he or she was an eligible employee under the FMLA; (2) the defendant was an employer subject to the FMLA's requirements; (3) the plaintiff was entitled to FMLA leave; (4) the plaintiff gave notice to the defendant of his or her intention to take FMLA leave; and (5) the plaintiff was denied benefits to which he or she was entitled under the FMLA." *Ross v. Gilhuly*, 755 F.3d 185, 191-92 (3d Cir. 2014). "[T]he employee need not show that he was treated differently than others, and the employer cannot justify its actions by establishing a legitimate business purpose for its decision." *Sommer v. The Vanguard Grp.*, 461 F.3d 397, 399 (3d Cir. 2006) (internal citation and quotation marks omitted). Moreover, "[a]n interference action is not about discrimination, it is only about whether the employer provided the employee with the entitlements guaranteed by the FMLA." *Id.*

With respect to Count I, Plaintiff alleges that the Defendants "arbitrarily interfered with Plaintiff's FMLA rights when Lackawanna County unilaterally charged Plaintiff for FMLA absence when he was not told that he was going to be charged if he did not work overtime. At no time did Defendants tell Plaintiff that if he did not work overtime during this period, he would be charged with a FMLA absence." (Doc. 1, at ¶ 15). Defendants seek dismissal of Count I, noting that the conduct Plaintiff complains of is expressly permitted by statute. Specifically, 29 C.F.R. § 825.205(c) provides, in relevant part: "[i]f an employee would normally be required to work overtime, but is unable to do so because of a FMLA-qualifying reason that limits the employee's ability to work overtime, the hours which the employee would have been required to work may be counted against the employee's FMLA entitlement." *Id.* Although Defendants' conduct appears to be expressly permitted by statute, Plaintiff's principal contention in Count I is that the Defendants never informed him of this policy.

"The FMLA requires employers to provide employees with both general and individual notice of their FMLA rights." *Brown v. Am. Sintered Tech.*, No. 4:14-cv-0410, 2015 WL 917293, at *5 (M.D. Pa. Mar. 3, 2015) (citing *Lupyan v. Corinthian Colleges Inc.*, 761 F.3d 314, 318 (3d Cir. 2014)). If, as Plaintiff alleges, Defendants failed to provide appropriate notice of FMLA rights, or that certain leave may be designated as FMLA, such conduct may constitute interference under the FMLA. *See Brown,* 2015 WL 917293, at *5 ("Specifically, an employer's failure to provide notice of FMLA rights or notice that leave was designated

as FMLA may constitute an interference claim.") (citing 29 C.F.R. §§ 825.300(e), 825.301(e)). Accordingly, the Court will deny Defendants' Motion to Dismiss Count I of the Complaint.

Next, Defendants seek dismissal of Count II, where Plaintiff alleges that the Defendants "created a sick/mandate checklist that requires a correctional officer to obtain a doctor's note if they cannot work overtime." (*Id.* at ¶ 19). According to Plaintiff, "this requirement interfered with his FMLA rights that does not require a medical slip for someone who is not using FMLA for themselves." (*Id.*). Defendants maintain that "[u]tilizing a 'sick/mandate checklist that requires a correctional officer to obtain a doctor's note if they cannot work overtime' does not constitute a denial of FMLA benefits." (Doc. 7, at 7).

Upon review of the applicable case law the Court finds that Defendants are correct that "[n]othing in the FMLA prevents employers from ensuring that employees who are on leave from work do not abuse their leave, particularly those who enter leave while on employer's Sick Abuse List." *Callison v. City of Philadelphia*, 430 F.3d 117, 121 (3d Cir. 2005). Indeed, both the Third Circuit and Courts in this Circuit have found that requiring an employee to obtain a doctor's note each time they request leave is expressly permitted by the FMLA and does not ordinarily constitute interference. *See, e.g., Williams v. Bd. of Supervisors Conewago Twp.*, 640 F. App'x 209, 212 (3d Cir. 2016) ("Under the FMLA, an employer is ordinarily entitled to request a doctor's note.") (citing 29 U.S.C. § 2613; 29 C.F.R. § 825.305)); *Hansler v. Lehigh Valley Hosp. Network*, 798 F.3d 149, 153 (3d Cir. 2015) ("Prior

to taking leave, an employee must give her employer notice of the request for leave, stating

a qualifying reason for the needed leave. . . . An employer may require its employees to

support their request for leave with a certification issued by a health care provider.") (citing

29 U.S.C. § 2613(a)); *Lipscomb v. Elec. Data Sys. Corp.*, 275 F. App'x 144, 146 (3d Cir.

2008) (noting that under the FMLA "an employer may require certification from a health care

provider to verify an employee's health-related leave"); *Treaster v. Conestoga Wood*

*Specialties Corp.*, No. 4:09-cv-632, 2010 WL 2606481, at *3 (M.D. Pa. June 25, 2010) ("The

FMLA contains a provision which entitles employers to request medical certifications from

an employee requesting leave.  Thus, the fact that the Defendant informed Plaintiff that her

absences would have to be 'back[ed] up' by FMLA is hardly an interference with her FMLA

rights.").[3]

---

[3] 29 U.S.C. § 2613(a) provides, in relevant part:

> An employer may require that a request for leave under subparagraph (C) or (D) of paragraph (1) or paragraph (3) of section 2612(a) of this title be supported by a certification issued by the health care provider of the eligible employee or of the son, daughter, spouse, or parent of the employee, or of the next of kin of an individual in the case of leave taken under such paragraph (3), as appropriate. The employee shall provide, in a timely manner, a copy of such certification to the employer.

29 C.F.R. § 825.305(a) provides:

> An employer may require that an employee's leave to care for the employee's covered family member with a serious health condition, or due to the employee's own serious health condition that makes the employee unable to perform one or more of the essential functions of the employee's position, be supported by a certification issued by the health care provider of the employee or the employee's family member. An employer may also require that an employee's leave because of a qualifying exigency or to care for a covered servicemember with a serious injury or illness be supported by a certification, as described in §§ 825.309 and 825.310, respectively. An employer must give notice of a requirement for certification each time a certification is required; such notice

Here, Plaintiff fails to direct the Court to any case law holding that an employer requesting a doctor's note in similar circumstances constitutes interference with an individual's rights under the FMLA. Simply requiring an employee to obtain a doctor's note if he is unable to work overtime, without more, is insufficient to state a claim for interference with Plaintiff's FMLA rights. Accordingly, Defendants' Motion to Dismiss Count II will be granted.[4]

In Count III Plaintiff alleges FMLA interference based merely on the Defendants asking Plaintiff "How do you plan to use FMLA?" (Doc. 1, at ¶ 23). Again, Plaintiff fails to direct to Court to any case law, and the Court is aware of none, holding that an employer merely inquiring into how an employee intends to use FMLA constitutes interference under the statute. The Court agrees with the Defendants that "Plaintiff's allegations of interference contained in Count III is sophomoric and must be dismissed." (Doc. 7, at 8). Therefore, Defendants' Motion to Dismiss Count III of the Complaint will be granted.

---

must be written notice whenever required by § 825.300(c). An employer's oral request to an employee to furnish any subsequent certification is sufficient.

*Id.*

[4] Count II of the Complaint also alleges that "[o]n or about January 22, 2015, Plaintiff learned that Defendant was discriminatorily requiring some Correctional Officers to be charged with a FMLA day if they did not work overtime, while allowing others to go without being charged when they did not work overtime." (*Id.* at ¶ 18). This is of no consequence to Plaintiff's interference claim. "An interference action is not about discrimination, it is only about whether the employer provided the employee with the entitlements guaranteed by the FMLA." *Callison*, 430 F.3d at 119-20.

## B. Family Medical Leave Act Retaliation Claim

In Count IV of the Complaint Plaintiff alleges retaliation in violation of the FMLA.

Specifically, Plaintiff alleges that the decision to terminate him "clearly was in retaliation for

having taken FMLA" (Doc. 1, at ¶ 33), and that Defendants' conduct "constituted

harassment for exercising his rights under the FMLA." (*Id.* at ¶ 37). Plaintiff also directs to

the Court to a November 5, 2015, letter he received from Defendant Brian Loughney stating

that:

> The County has reason to believe that you have been using FMLA inappropriately and
> not in accordance to what the treating physician has submitted to your employer,
> Lackawanna County.  If the County's information is accurate, your conduct constituted a
> violation of a standard of conduct which the County may reasonably expect of you, and
> is a serious matter.  This may result in your discipline, up to and including termination.
> You will be given a full opportunity to give your side of the story and to clarify any
> inaccuracy.  Please be advised that you have the right to union representation.

(Doc. 9-1).

When an employee invokes his FMLA rights, an employer may not "discharge or in any

other manner discriminate against any individual for opposing any practice made unlawful."

29 U.S.C. § 2615(a)(2).  "To prevail on a retaliation claim under the FMLA, the plaintiff must

prove that (1) she invoked her right to FMLA-qualifying leave, (2) she suffered an adverse

employment decision, and (3) the adverse action was causally related to her invocation of

rights." *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 301-02 (3d Cir. 2012).

"[A]n employee does not need to prove that invoking FMLA rights was the sole or most

important factor upon which the employer acted." *Id.* at 301.

In the present case, the Court finds that Plaintiff has set forth specific facts which, if true, may entitle him to relief under the FMLA. Plaintiff alleges that he invoked his right to FMLA qualifying leave, that he suffered an adverse employment decision, and that the adverse employment action was causally related to his invocation of his FMLA rights. The Court finds that Plaintiff's allegations are plainly sufficient to survive Defendants' Motion to Dismiss, and Defendants make no argument to the contrary in their brief in support of their Motion. Defendants' Motion to Dismiss Count IV of the Complaint will thus be denied.

## C. Section 1983 Due Process Claim

Finally, in Count V Plaintiff asserts a claim under 42 U.S.C. § 1983 alleging that the Defendants' deprived him of his due process rights under the Fourteenth Amendment to the U.S. Constitution. Specifically, although Plaintiff notes that he was provided a pre-termination hearing, and notice of the charges, he alleges that the Defendants deprived him of evidence necessary to rebut the charges.

"The Fourteenth Amendment places procedural constraints on the actions of government that work a deprivation of interests enjoying the stature of 'property' within the meaning of the Due Process Clause." *Memphis Light, Gas, & Water Div. v. Craft*, 436 U.S. 1, 9, 98 S. Ct. 1554, 56 L.Ed.2d 30 (1978). "At the core of procedural due process jurisprudence is the right to advance notice of significant deprivations of liberty or property and to a meaningful opportunity to be heard." *Abbott v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998). "To state a claim under § 1983 for deprivation of procedural due process rights, a

plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of life, liberty, or property, and (2) the procedures available to him did not provide due process of law."[5] *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006) (internal citation and quotation marks omitted). "Due Process is flexible and calls for such procedural protection as the particular situation demands." *Mathews v. Eldridge*, 424 U.S. 319, 324, 96 S. Ct. 893, 47 L.Ed.2d 18 (1976).

In his Complaint, Plaintiff alleges that "Defendant Loughney admitted in an unemployment hearing that Defendant Lackawanna County never provided Plaintiff with any of the alleged evidence against him at his pre-termination hearing." (Doc. 1, at ¶ 47). Moreover, Plaintiff alleges that he "had no opportunity to rebut any of the alleged evidence against him and explain that his wife suffers from bipolar and when that condition flares up she is psychologically impaired." (*Id.* at ¶ 48). The Court finds that Plaintiff's allegations adequately state a claim for denial of due process. *See, e.g., Fraternal Order of Police, Lodge No. 5 v. Tucker*, 868 F.2d 74, 80 (3d Cir. 1989) (noting that "a *sina qua non* of a meaningful hearing is a sufficient explanation of the employer's evidence to permit a

---

[5] In addition, the claimed deprivation must have been committed by a person acting under color of state law. *Kelly v. Borough of Sayreville, New Jersey*, 107 F.3d 1073, 1077 (3d Cir. 1997). "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49, 108 S. Ct. 2250, 101 L.Ed.2d 40 (1988) (internal citation and quotation marks omitted). There is no dispute that Defendants qualify as state actors within the meaning of § 1983.

Case 3:16-cv-00466-RDM   Document 28   Filed 11/18/16   Page 16 of 17

meaningful response") (citing *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 105 S.Ct.

1487, 84 L.Ed.2d 494 (1985)) (emphasis in original)); *Morton v. Beyer*, 822 F.2d 364, 371

(3d Cir. 1987) ("[T]he employee must be apprised of the nature of the charges against him

or her before or at the time the hearing begins; subsequent presentation of evidence

underlying the charges of which the employee is not adequately informed does not satisfy

the demands of due process."); *Moffitt v. Tunkhannock Area Sch. Dist.*, 160 F. Supp. 3d

786, 794 (M.D. Pa. 2016) (denying defendant's motion for summary judgment on § 1983

due process claim where "there do not appear to be facts in the record showing there was

any explanation of the evidence against the plaintiff"). Accordingly, the Court finds that

Plaintiff has plausibly stated a claim for denial of due process and Defendants' Motion to

Dismiss Count V of the Complaint will be denied.[6]

---

[6] The Court rejects Defendants' argument that Defendant Loughney "is immune from suit under the doctrine of qualified immunity because it was objectively reasonable to conclude that the Fourteenth Amendment does not require evidence to be provided to an employee prior to or during a pre-deprivation hearing." (Doc. 7, at 11). As an initial matter, the cases relied on by the Defendants were, unlike the present case, decided at summary judgment after the parties had developed a factual record. Moreover, the Court cannot, at this stage, find that Defendant Loughney is entitled to qualified immunity with respect to Plaintiff's due process claim. *See Torisky v. Schweiker*, 446 F.3d 438, 441 (3d Cir. 2006) (affirming district court's denial of qualified immunity at motion to dismiss stage "because resolution of that claim should await fuller development of the record"). "In *Saucier v. Katz*, the United States Supreme Court established a two-part analysis for determining whether qualified immunity is applicable: (1) whether the official's conduct violated a constitutional or federal right; and (2) whether the right at issue was clearly established." *Sharp v. Johnson*, 669 F.3d 144, 159 (3d Cir. 2012); *see also Pearson v. Callahan*, 555 U.S. 223, 236, 129 S.Ct. 808, 172 L.Ed.2d 55 (2009) (no longer requiring Courts to determine *Saucier* prongs in sequential order).

Here, not only has the Plaintiff alleged facts that, if true, plausibly state a claim for denial of due process, but the Court finds that it was clearly established that a public employee facing termination is entitled to a meaningful hearing prior to termination, including notice of the charges and an explanation of the evidence against him—a right which Plaintiff alleges he was deprived of by Defendant Loughney. *See Fraternal Order of Police*, 868 F.2d at 79 (noting that "a *sina qua non* of a meaningful hearing is a sufficient

## V.   **CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss, (Doc. 5), will be granted in

part and denied in part.  A separate order follows.

Robert D. Mariani
United States District Judge

---

explanation of the employer's evidence to permit a meaningful response") (citing *Loudermill*, 470 U.S. 532))
(emphasis in original).  Therefore, the Court will deny Defendants' Motion to Dismiss on the basis of
qualified immunity.